

# Fourth Court of Appeals
## San Antonio, Texas

August 4, 2016

No. 04-16-00396-CV

Gloria **MARTINEZ**,
Appellant

v.

Stella **SANDOVAL**, individually, Jose Ramos,
Appellees

From the County Court at Law No. 2, Bexar County, Texas
Trial Court No. 2014-CV-02209
Honorable H. Paul Canales, Judge Presiding

## O R D E R

The clerk's record was filed on July 13, 2016. Our review of the clerk's record shows appellant filed a notice of appeal in which she contends she is appealing an order signed on May 23, 2016 because the trial court "erroneously granted Defendant's motion for summary judgment." After reviewing the clerk's record, we have found that on May 23, 2016, the trial court signed an order denying appellant's motion for new trial. The only order involving a ruling on a summary judgment was signed on April 1, 2016. That order, however, grants a partial summary judgment in favor of one of the appellees, Stella Sandoval. The order also states it "does not affect the remaining Defendant [, Jose Ramos, indivdually]." According to the record, appellant originally filed suit against both Stella Sandoval, individually and as next of friend of Jose Ramos, and Jose Ramos, individually. Subsequently the trial court rendered an order, requiring appellant to re-plead the suit as follows: Gloria Martinez v. Stella Sandoval, individually, and Jose Ramos, individually. Nowhere in the clerk's record do we find an order disposing of the suit with regard to Jose Ramos, individually.

Generally, an appeal may be taken only from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 196 (Tex. 2001). A judgment is final for appellate purposes if it disposes of all pending parties and claims in the record. *Id.* Because it appears the only order in the record is interlocutory — as it does not dispose of all of the parties — and therefore, not appealable, there is no final judgment in the clerk's record. We have found no authority permitting an interlocutory appeal from a partial summary judgment order in the circumstances presented here. *See Texas A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007)

(holding appellate courts have jurisdiction to consider interlocutory orders only if statute explicitly provides such jurisdiction).

Accordingly, we **ORDER** appellant to file a written response in this court on or before **September 6, 2016**, showing cause why this appeal should not be dismissed for want of jurisdiction.

If appellant fails to satisfactorily respond within the time provided, the appeal will be dismissed. *See* TEX. R. APP. P. 42.3(c). If a supplemental clerk's record is required to establish this court's jurisdiction, appellant must ask the trial court clerk to prepare one and must notify the clerk of this court that such a request was made. All deadlines in this matter are suspended until further order of the court.

We **order** the clerk of this court to serve a copy of this order on the trial court, appellant, appellee, the district clerk, and the court reporter.

_____
Marialyn Barnard, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 4th day of August, 2016.

_____
Keith E. Hottle
Clerk of Court